IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FRANK E. HAND, C-97913,                    )
                                           )
              Plaintiff(s),                )        No. C 11-2840 CRB (PR)
                                           )
       vs.                                 )        ORDER OF DISMISSAL WITH
                                           )        LEAVE TO AMEND
DARRIN BRIGHT, D.O.,                       )
                                           )
              Defendant(s).                )
_____          )

       Plaintiff, a state prisoner at the Correctional Training Facility (CTF) in

Soledad, California, has filed a pro se complaint for damages under 42 U.S.C. §

1983 alleging that, after Dr. Darrin Bright saw him and concluded that he no

longer needed a cane or pain medication any more, he fell and re-injured his hip

and knee.  Plaintiff claims that Dr. Bright and other unnamed members of the

CTF medical staff were deliberately indifferent to his serious medical needs.

                              **DISCUSSION**

A.     Standard of Review

       Federal courts must engage in a preliminary screening of cases in which

prisoners seek redress from a governmental entity or officer or employee of a

governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint

"is frivolous, malicious, or fails to state a claim upon which relief may be

granted," or "seeks monetary relief from a defendant who is immune from such

relief."  Id. § 1915A(b).  Pro se pleadings must be liberally construed, however.

Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two

elements:  (1) that a right secured by the Constitution or laws of the United States

was violated, and (2) that the alleged violation was committed by a person acting

under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.      Legal Claims

Deliberate indifference to serious medical needs violates the Eighth

Amendment's proscription against cruel and unusual punishment.  Estelle v.

Gamble, 429 U.S. 97, 104 (1976).  A "serious medical need" exists if the failure

to treat a prisoner's condition could result in further significant injury or the

"unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d 1050,

1059 (9th Cir. 1992) (citing Estelle, 429 U.S. at 104), overruled in part on other

grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir.

1997) (en banc).  A prison official is "deliberately indifferent" if he knows that a

prisoner faces a substantial risk of serious harm and disregards that risk by failing

to take reasonable steps to abate it.  Farmer v. Brennan, 511 U.S. 825, 837

(1994).

Neither negligence nor gross negligence warrant liability under the Eighth

Amendment.  Id. at 835-36 & n4.  An "official's failure to alleviate a significant

risk that he should have perceived but did not, . . . cannot under our cases be

condemned as the infliction of punishment."  Id. at 838.  Instead, "the official's

conduct must have been 'wanton,' which turns not upon its effect on the prisoner,

but rather, upon the constraints facing the official."  Frost v. Agnos, 152 F.3d

1124, 1128 (9th Cir. 1998) (citing Wilson v. Seiter, 501 U.S. 294, 302-03

(1991)).  Prison officials violate their constitutional obligation only by

2

1  |  "intentionally denying or delaying access to medical care." Estelle, 429 U.S. at

2  |  104-05.

3  |        Plaintiff's allegations will be dismissed with leave to amend to set forth

4  |  specific facts showing that defendant Dr. Bright (or some other member of the

5  |  CTF medical staff) was deliberately indifferent to plaintiff's serious medical

6  |  needs, if possible.  Plaintiff must also link each named defendant with his

7  |  allegations of wrongdoing so as to show how each defendant actually and

8  |  proximately caused the deprivation of his federal rights of which he complains.

9  |  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  A prison official cannot

10 |  be liable for damages under § 1983 simply because he is responsible for the

11 |  actions or omissions of another.  See Taylor v. List, 880 F.2d 1040, 1045 (9th

12 |  Cir. 1989).

**CONCLUSION**

14 |        For the foregoing reasons, the complaint is dismissed with leave to amend,

15 |  as indicated above, within 30 days of this order.  The pleading must be simple

16 |  and concise and must include the caption and civil case number used in this order

17 |  and the words FIRST AMENDED COMPLAINT on the first page.  Failure to

18 |  file a proper amended complaint within the designated time will result in the

19 |  dismissal of this action.

20 |        Plaintiff is advised that the amended complaint will supersede the original

21 |  complaint and all other pleadings.  Claims and defendants not included in the

22 |  amended complaint will not be considered by the court.  See King v. Atiyeh, 814

23 |  F.2d 565, 567 (9th Cir. 1987).

24 |  SO ORDERED.

25 |  DATED:  Nov. 23, 2011

26 |  CHARLES R. BREYER
   |  United States District Judge

G:\PRO-SE\CRB\CR.11\Hand, E.11-2840.dwla.wpd

28 |          3