IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRANK E. HAND, C-97913, | ) | |
| Plaintiff(s), | ) | No. C 11-2840 CRB (PR) |
| vs. | ) | ORDER OF SERVICE |
| DARRIN BRIGHT, D.O., | ) | |
| Defendant(s). | ) | |

Plaintiff, a state prisoner at the Correctional Training Facility (CTF) in Soledad, California, has filed a pro se Second Amendment Complaint (SAC) under 42 U.S.C. § 1983 alleging that, after Dr. Darrin Bright saw him and determined that he no longer needed a cane or other accommodation for his mobility problems, he fell and re-injured himself. Plaintiff further alleges that Dr. Bright has denied his requests to get his cane back despite his being confined to his cell. Plaintiff seeks declaratory, injunctive and monetary relief.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint

1  "is frivolous, malicious, or fails to state a claim upon which relief may be
2  granted," or "seeks monetary relief from a defendant who is immune from such
3  relief."  Id. § 1915A(b).  Pro se pleadings must be liberally construed, however.
4  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

5       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two
6  elements:  (1) that a right secured by the Constitution or laws of the United States
7  was violated, and (2) that the alleged violation was committed by a person acting
8  under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

9  B.    Legal Claims

10      Deliberate indifference to serious medical needs violates the Eighth
11 Amendment's proscription against cruel and unusual punishment.  Estelle v.
12 Gamble, 429 U.S. 97, 104 (1976).  A "serious medical need" exists if the failure
13 to treat a prisoner's condition could result in further significant injury or the
14 "unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d 1050,
15 1059 (9th Cir. 1992) (citing Estelle, 429 U.S. at 104), overruled in part on other
16 grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir.
17 1997) (en banc).  A prison official is "deliberately indifferent" if he knows that a
18 prisoner faces a substantial risk of serious harm and disregards that risk by failing
19 to take reasonable steps to abate it.  Farmer v. Brennan, 511 U.S. 825, 837
20 (1994).

21      Liberally construed, plaintiff's allegations appear to state a cognizable §
22 1983 claim for deliberate indifference to serious medical needs against Dr. Bright
23 and will be ordered served.  See id.; but cf. id. at 835-36 & n.4 (neither
24 negligence nor gross negligence warrant liability under 8th Amendment).
25 /
26 /
27
28      2

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the SAC in this matter, all attachments thereto, and copies of this order on Dr. Darrin Bright at CTF. The clerk also shall serve a copy of this order on plaintiff.

2. In order to expedite the resolution of this case, the court orders as follows:

   a. No later than 90 days from the date of this order, defendant shall file a motion for summary judgment or other dispositive motion. A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendant is of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, he shall so inform the court prior to the date his motion is due. All papers filed with the court shall be served promptly on plaintiff.

   b. Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendant no later than 30 days after defendant serves plaintiff with the motion.

   c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary

1        judgment is entitled to judgment as a matter of law, which will end your case.
2        When a party you are suing makes a motion for summary judgment that is
3        properly supported by declarations (or other sworn testimony), you cannot simply
4        rely on what your complaint says.  Instead, you must set out specific facts in
5        declarations, depositions, answers to interrogatories, or authenticated documents,
6        as provided in Rule 56(e), that contradicts the facts shown in the defendant's
7        declarations and documents and show that there is a genuine issue of material
8        fact for trial.  If you do not submit your own evidence in opposition, summary
9        judgment, if appropriate, may be entered against you.  If summary judgment is
10       granted, your case will be dismissed and there will be no trial.  <u>Rand v. Rowland</u>,
11       154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).

12              Plaintiff is also advised that a motion to dismiss for failure to exhaust
13       administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your
14       case, albeit without prejudice.  You must "develop a record" and present it in
15       your opposition in order to dispute any "factual record" presented by the
16       defendants in their motion to dismiss.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120
17       n.14 (9th Cir. 2003).

18              d.      Defendant shall file a reply brief within 15 days of the date
19       on which plaintiff serves him with the opposition.

20              e.      The motion shall be deemed submitted as of the date the
21       reply brief is due.  No hearing will be held on the motion unless the court so
22       orders at a later date.

23       3.       Discovery may be taken in accordance with the Federal Rules of
24       Civil Procedure.  No further court order is required before the parties may
25       conduct discovery.
26       /
27
28                                                   4

       4.     All communications by plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant'w counsel.

       5.     It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: April 30, 2012

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.11\Hand, E.11-2840.serve.wpd